NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAU-RON SYKES,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>LOS ANGELES SHERIFF'S DEPARTMENT; et al.,<br><br>    Defendants-Appellees. | No. 16-56387<br><br>D.C. No. 2:16-cv-05597-SJO-GJS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted May 24, 2017[**]

Before:   THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

  California state prisoner Shau-Ron Sykes appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action arising from an alleged

rape and assault in Los Angeles County Men's Central Jail.  We have jurisdiction

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)).  We vacate and remand.

The district court determined that Sykes' claims were time-barred and that Sykes is not entitled to equitable tolling.  However, the district court failed to consider whether the statute of limitation should be tolled because Sykes "lack[ed] the legal capacity to make decisions" at the time the claims accrued.  Cal. Civ. Proc. § 352(a); *see also Wallace v. Kato*, 549 U.S. 384, 394 (2007) ("We have generally referred to state law for tolling rules, just as we have for the length of statutes of limitations.").  Therefore, we vacate and remand for the district court to consider this question in the first instance.

**VACATED and REMANDED.**